# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| JUSTIN S. PIERCE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:19-CV-75 (MTT) |
| | ) |
| ROOSEN VARCHETTI & OLIVIER – GA PLLC (LLC), *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This case arises from efforts by the Defendants to collect a student loan. With regard to the Fair Debt Collection Practices Act claim, Plaintiffs Justin and Stanley Pierce contend that the Defendants violated 15 U.S.C. § 1692e(9) when it "commenced, litigated, and maintained" a collection action in Bibb County Magistrate Court because they represented in that action that the National Collegiate Student Loan Trust ("the Trust") was the real party in interest. Doc. 4 ¶¶ 45−47. 63−67. The Plaintiffs allege this is a misrepresentation in violation of the FDCPA because they believe that the proper party to bring a claim on behalf of the Trust is the trustee, not the Trust itself, and even if the Trust can bring a claim, the Trust does not hold title to the loan. *Id.*

Defendants Roosen Varchetti & Olivier ("RVO") and Transworld Systems, Inc. ("TSI") filed the collection action on behalf of the Trust on February 8, 2018. Doc. 22-14. The Plaintiffs answered the complaint on March 16 and moved to dismiss based on their belief that the Trust was not the real party in interest. Doc. 22-16. On April 25, the then-magistrate judge denied the motion. Doc. 22-18. At some point the case was

assigned to a new magistrate judge, and the Plaintiffs allege in their cross-motion for summary judgment, without citing any evidence, that the new judge questioned whether the Trust was the proper party to bring the claim. Doc. 25-1 at 4. Then, on February 5, 2019 and for whatever reason, RVO voluntarily dismissed the case without prejudice. Doc. 22-23.

On March 8, 2019, the Plaintiffs filed this action alleging, in addition to violations of the FDCPA, violation of the Georgia Fair Business Practices Act and the Georgia Unfair or Deceptive Trade Practices toward the Elderly Act. Doc. 4. In their motion for summary judgment, the Defendants argued that the FDCPA claim is barred by the one-year statute of limitations. Doc. 22-2 at 21. An FDCPA claim must be brought "within one year from the date in which the violation occurs." 15 U.S.C. § 1692k(d). The Defendants argue that the violation occurred on the date the state court lawsuit was filed—February 8, 2018—and because the Plaintiffs didn't file their lawsuit until March 8, 2019, the claim is barred by the statute of limitations. Doc. 22-2 at 21.

In response, the Plaintiffs raise two arguments. First, citing *Maloy v. Phillips*, 64 F.3d 607 (11th Cir. 1995), they contend that the statute of limitations did not begin to run until service of the complaint. Doc. 25-1 at 18. The Plaintiffs clearly misread *Maloy*. The issue there was whether a FDCPA claim accrued on the date of the mailing of a letter in violation of the Act or when a debtor received the letter. *Maloy*, 64 F.3d at 608. The Eleventh Circuit held that the claim accrued upon mailing "because that was the debt collector's last opportunity to comply with the FDCPA." *Id.* (citation omitted). In other words, once the letter was mailed, the FDCPA was violated and the cause of action accrued. Nothing in *Maloy* supports the argument that if a creditor can somehow

2

claw back its misrepresentation before received, the cause of action has not accrued. Indeed, that argument was implicitly rejected in *Maloy*. *Id.* The Plaintiffs' second argument, for which they offer no support, may be closer to the mark. They claim that "subsequent discreet [sic] litigation communications, including Bradley Luke's false affidavit filed [in the State Court action] in January of 2019,"[1] render their FDCPA timely. Doc. 25-1 at 18. But that is all the Plaintiffs said, and they offered no authority to support that argument. The Defendants in their reply made no meaningful response to either argument advanced by the Plaintiff. *See generally* Doc. 33.

It seems to the Court that the dispositive issue is this: When a creditor files a lawsuit containing misrepresentations in violation of the FDCPA, maintains those misrepresentations through the litigation, and then dismisses the case, does the FDCPA cause of action accrue on the date of filing, on the date of dismissal, or sometime in between? The parties don't address that issue, and the Court is reluctant to do so before they do. Accordingly, the parties are **ORDERED** to address this issue no later than **April 10, 2020**.

Additionally, the Supreme Court of Georgia is currently considering the issue of whether a claim held by a foreign trust must be brought by a trustee. Doc. 41-1. The resolution of that issue may be dispositive here. Accordingly, this case is **STAYED** pending the outcome of the Supreme Court's decision.

---

[1] The Plaintiffs neither describe what false statements were made in the affidavit, nor do they provide the affidavit. Their amended complaint only mentions that the Defendants brought the state court action and litigated against the Plaintiffs without possessing "the necessary documents to prove the chain of title to [the Plaintiffs] in the [state court action]" and did not bring the action in the name of the trustee, and thus misrepresented the name and identity of the real party in interest to the state court and the Plaintiffs. Doc. 4 ¶¶ 61, 63−66.

**SO ORDERED**, this 10th day of March, 2020.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT